**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Classes***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WISDOM NATURAL BRANDS,<br><br>Defendant. | Case No.: 2:25-cv-12080-CV(RAOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  May 1, 2026<br>Time:  1:30 p.m.<br>Ctrm:  10B<br>Judge: Hon. Cynthia Valenzuela<br><br>Action Filed: December 22, 2025<br>Trial Date:    None Set |

i

# **TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………………1

II. BACKGROUND ....................................................................................... 1

III. LEGAL STANDARD ............................................................................. 3

IV. ARGUMENT ........................................................................................ 4

   A. Reasonable Consumers are Misled by Defendant's Advertising ................ 4

     1. The Reasonable Consumer Standard Applies to Plaintiff's Claims ......... 4

     2. Plaintiff Alleges Plausible Deception Under The Reasonable Consumer Standard ................................................................................... 4

     3. The Product's Rear Label Does Not Shield Defendant From Liability .... 8

     4. Reasonable Consumers are Not Expected to Have Specialized Knowledge Regarding the Relative Sweetness of Monk Fruit................................. 11

   B. Plaintiff Adequately States a Claim for Breach of Warranty.................... 12

   C. Plaintiff Adequately States a Claim for Breach of Implied Warranties...... 14

   D. Plaintiff's Negligent and Intentional Misrepresentation Claims are Adequately Alleged ................................................................... 16

     1. Plaintiff Alleges an Actionable Misrepresentation ............................. 16

     2. Plaintiff Plausibly Alleges Scienter for his Intentional Misrepresentation/Fraud Claim............................................... 17

   E. Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed................ 18

   F. Plaintiff Has Standing to Seek Injunctive Relief..................................... 19

V. CONCLUSION................................................................................ 20

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*Aberdeen v. Toyota Motor Sales, U.S.A.*, No.,

 2008 WL 11336173 (C.D. Cal. 2007)............................................................... 18

*Allred v. Kellogg Co.*,

 2018 WL 1158885 (S.D. Cal. Feb. 23, 2018)................................................... 14

*Andrade-Heymsfield v. NextFoods, Inc.*,

 2023 WL 2576770 (S.D. Cal. Mar. 20, 2023) .................................................. 14

*Ashcroft v. Iqbal*,

 556 U.S. 662 (2009)............................................................................................. 3

*Ashton v. J.M. Smucker Co.*,

 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020)................................................. 15

*Astiana v. Hain Celestial Group, Inc.*,

 783 F.3d 753 (9th Cir. 2015)...................................................................... 18, 19

*Bell Atl. Corp. v. Twombly*,

 550 U.S. 544 (2007)............................................................................................. 3

*Bitton v. Gencor Nutrientes, Inc.*,

 654 Fed.Appx. 358 (9th Cir. 2016)................................................................... 16

*Brady v. Bayer Corp.*,

 26 Cal.App.5th 1156 (2018)............................................................................... 10

*Burton v. Time Warner Cable Inc.*,

 2013 WL 3337784 (C.D. Cal. Mar. 20, 2013).................................................... 3

*Cabrera v. Bayer Healthcare, LLC*,

 2019 WL 1146828 (C.D. Cal. Mar. 6, 2019)................................................... 15

*Cartwright v. Viking Industries, Inc.*,

 249 F.R.D. 351 (E.D. Cal. 2008)...................................................................... 15

*Cimoli v. Alacer Corp.*,

 546 F. Supp. 3d 897 (N.D. Cal. 2021) ............................................................. 13

iii

*Cisco Systems, Inc. v. STMicroelectronics, Inc.*,
  77 F.Supp.3d 887 (N.D. Cal. 2014)........................................................... 18

*Collyer v. Catalina Snacks Inc.*,
  712 F. Supp. 3d 1276 (N.D. Cal. 2024) ..................................................... 15

*Conley v. Gibson*,
  355 U.S. 41 (1957).................................................................................... 3

*Daniels v. Eagle Fam. Foods Grp., LLC*,
  797 F. Supp. 3d 1154 (E.D. Cal. 2025)...................................................... 7

*Davidson v. Kimberly-Clark Corporation*,
  889 F.3d 956 (9th Cir. May. 9, 2018) ................................................. 19, 20

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012).................................................................. 11

*DiGiacinto v. RB Health (US) LLC*,
  668 F.Supp.3d 950 (N.D. Cal. 2023)......................................................... 18

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003)................................................................... 20

*ESG Cap. Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016)................................................................... 18

*Gonzalez v. Drew Indus. Inc.*,
  750 F. Supp. 2d 1061 (C.D. Cal. 2007)..................................................... 16

*Gottsdanker v. Cutter Laboratories*,
  182 Cal.App.2d 602 (1960)....................................................................... 16

*Greene v. Harley-Davidson, Inc.*,
  965 F.3d 767 (9th Cir. 2020)..................................................................... 19

*Grimbaldeston v. Saraya USA, Inc.*,
  2025 WL 3677857 (N.D. Cal. Dec. 17, 2025)..........................................*passim*

*Hadley v. Kellogg Sales Co.*,
  273 F. Supp. 3d 1052 (N.D. Cal. 2017) ..................................................... 13

iv

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Henderson v. Gruma Corp.*,

   2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ................................................. 7

*In re Ferrero Litigation*,

   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ....................................................... 14

*Knievel v. ESPN*,

   393 F.3d 1068 (9th Cir. 2005) .................................................................. 3

*Krommenhock v. Post Foods, LLC*,

   255 F. Supp. 3d 938 (N.D. Cal. 2017) ...................................................... 10

*Kulp v. Munchkin, Inc.*,

   678 F. Supp. 3d 1158 (C.D. Cal. June 21, 2023) ........................................ 15

*Lilly v. ConAgra Foods, Inc.*,

   743 F.3d 662 (9th Cir. 2014) ................................................................... 11

*Martinez v. Mead Johnson*,

   2022 WL 15053334, (C.D. Cal. Oct. 22, 2022) ........................................... 6

*M. H. v. Done Glob. Inc.*,

   2025 WL 629613 (N.D. Cal. Feb. 26, 2025) ............................................. 19

*Mexicali Rose v. Super. Ct.*,

   1 Cal. 4th 617 (1992) ............................................................................. 16

*Moore v. Trader Joe's Co.*,

   4 F.4th 874 (9th Cir. 2021) ...................................................................... 8

*Musgrave v. Taylor Farms Pac., Inc.*,

   2019 WL 8230850 (N.D. Cal. 2019) ........................................................ 16

*Nacarino v. KSF Acquisition Corp.*,

   642 F.Supp.3d 1074 (N.D. Cal.) .............................................................. 13

*Puri v. Costco Wholesale Corp.*,

   2021 WL 6000078 (N.D. Cal. Dec. 20, 2021) ........................................... 11

*Rodriguez v. Natures Path Foods, Inc.*,

   2025 WL 3691807 (C.D. Cal. Sept. 23, 2025) ........................................... 15

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Sagan v. Apple Computer, Inc.*,

   874 F. Supp. 1072 (C.D. Cal. 1994) ...................................................................... 4

*Schleyer v. Starbucks Corp.*,

   2023 WL 5935695 (S.D.N.Y. Sept. 12, 2023).................................................... 7

*Sebastian v. Kimberly-Clark Corp.*,

   2017 WL 6497675 (S.D. Cal. Dec. 18, 2017).................................................. 19

*Scott v. Saraya USA, Inc.*,

   675 F.Supp.3d 1040 (N.D. Cal. June 23, 2023).................................*passim*

*Sims v. Campbell Soup Co.*,

   2018 WL 7568640 (C.D. Cal. Sept. 24, 2018)................................................ 14

*Starr v. Baca*,

   652 F.3d 1202 (9th Cir. 2011) ............................................................................ 3

*Swingless Golf Club Corp. v. Taylor*,

   679 F. Supp. 2d 1060 (N.D. Cal. 2009) ........................................................ 17

*Viggiano v. Johnson & Johnson*,

   2015 WL 12860480, (C.D. Cal. June 12, 2015) .................................. 1, 5, 6, 9

*Whiteside v. Kimberly Clark Corp.*,

   108 F.4th 771 (9th Cir. July 17, 2024)....................................................... 9, 10

*Williams v. Gerber Prods. Co.*,

   552 F.3d 934 (9th Cir. 2008)...................................................................*passim*

*Windham at Carmel Mtn. Ranch Assn. v. Super. Ct.*,

   109 Cal.App.4th 1162 (2003)........................................................................... 16

*Workman v. Plum Inc.*,

   141 F.Supp.3d 1032 (N.D. Cal. 2015) ......................................................... 10

*Yumul v. Smart Balance, Inc.*,

   733 F. Supp. 2d 1117 (C.D. Cal. 2010)......................................................... 4

*Zeiger v. Wellpet LLC*,

   304 F. Supp. 3d 837 (N.D. Cal. 2018) ........................................................ 13

vi

**Statutes**

Cal. Civ. Code §§ 1750, *et seq*. ………………………………………….……3

Cal. Bus. & Prof. Code §§ 17200, *et seq*. ……………………………………..3

Cal. Bus. & Prof. Code §§ 17500, *et seq*. ……………………………………..3

**Rules**

Fed. R. Civ. P. 8 ........................................................................................... 3

Fed. R. Civ. P. 8(d)(2)................................................................... 19

Fed. R. Civ. P. 8(e) ............................................................................ 4

Fed. R. Civ. P. 9(b)………………………………………………………..17

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff John Boyd ("Plaintiff") alleges that the advertising and marketing of Defendant Wisdom Natural Brands's ("Defendant") Sweet Leaf Monk Fruit Organic Sweetener product (the "Product") is deceptive. Defendant misleadingly labels the Product as a "MONK FRUIT ORGANIC SWEETENER," when in fact the Product contains less than 1% monk fruit extract and is primarily sweetened with erythritol.

In its Motion to Dismiss ("Mot."), Defendant argues (1) Plaintiff's consumer protection claims should be dismissed, (2) Plaintiff fails to state a claim for breach of express and implied warranties, (3) Plaintiff fails to state a claim for negligent and intentional misrepresentation, (4) Plaintiff fails to state a claim for quasi contract/unjust enrichment, and (5) Plaintiff lacks standing to seek injunctive relief. Other courts have previously rejected similar arguments and have declined to dismiss cases with nearly identical allegations. *See, e.g.*, *Viggiano v. Johnson & Johnson*, 2015 WL 12860480, at *1, (C.D. Cal. June 12, 2015) ("Made from Monk Fruit" representation misleading where product was composed primarily of erythritol); *Scott v. Saraya USA, Inc.*, 675 F.Supp.3d 1040 (N.D. Cal. June 23, 2023) ("sweetened with monk fruit" representation misleading where products were predominantly sweetened with erythritol); *Grimbaldeston v. Saraya USA, Inc.*, 2025 WL 3677857 (N.D. Cal. Dec. 17, 2025) ("Monk fruit sweetener with erythritol" representation misleading where product contained less than 2% monk fruit extract). Defendant's Motion to Dismiss should be denied in its entirety.

## II.    BACKGROUND

Plaintiff filed a class action complaint against Defendant on December 22, 2025, and a First Amended Complaint on March 13, 2026. *See* Dkt. No. 16 ("FAC"). Plaintiff's FAC alleges that Defendant's Sweet Leaf Monk Fruit Organic Sweetener product is misleadingly labeled as a "MONK FRUIT ORGANIC SWEETENER" that contains "0 SUGARS." FAC ¶¶ 14-15. The front label also contains an image of what appears to be a Buddhist monk. *Id*. However, contrary to the labeling, the

1

Product contains almost no monk fruit and instead primarily contains a sweetener ingredient called erythritol. FAC ¶ 19. According to independent laboratory testing commissioned by Plaintiff's counsel, the Product contains only 0.87% monk fruit extract and 99.13% erythritol. FAC ¶ 20. Reasonable consumers purchase the Product because they want a premium sweetener that is derived from natural monk fruit. FAC ¶ 5. Indeed, Defendant's competitors sell monk fruit products that solely contain monk fruit, and no other sweeteners. *See* FAC ¶ 29 (listing examples). Other competing manufacturers label their monk fruit sweetener products as "with erythritol" or other sweeteners where monk fruit is not the sole or primary sweetener. *See* FAC ¶ 28 (listing examples). Defendant's Product, however, is almost completely comprised of erythritol, a sugar alcohol that can lead to multiple side effects, including digestive problems, diarrhea, bloating, cramps, gas, nausea, and headaches, and that has been linked to an increased risk of heart attack and stroke. FAC ¶ 5. Consumers are being deceived and overcharged.

Like other reasonable consumers, Plaintiff was deceived by Defendant's advertising of the Product. "Plaintiff John Boyd purchased the Product at a Walmart retail store in Los Angeles County in or around 2025 in reliance on the Product's front label advertising." FAC ¶ 32. "In deciding to purchase the Product, Plaintiff read and relied on the Product's front label representations, which led Plaintiff to believe that the Product was primarily a monk fruit sweetener." *Id.*, ¶ 33. "At the time of purchase, Plaintiff did not know that Defendant's representations were false and misleading, and that the Product contained less than 1% monk fruit extract." *Id.* "Plaintiff would not have purchased the Product, or would not have paid as much as he did, had he known that the Product contained only a negligible amount of monk fruit." *Id.*, ¶ 34.

Plaintiff and other consumers have been deceived and suffered injury. *Id.* Plaintiff brings this class action on behalf of himself and similarly situated members of a California class, alleging violations of California's Consumers Legal Remedies

2

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. ("FAL"), and breach of express and implied warranties, negligent misrepresentation, intentional misrepresentation/fraud, and quasi contract/unjust enrichment. *Id*., ¶¶ 65-141.

## III.   LEGAL STANDARD

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Thus, to survive a motion to dismiss, a Plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Burton v. Time Warner Cable Inc.*, No. CV 12-06764, 2013 WL 3337784, at *2 (C.D. Cal. Mar. 20, 2013) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The liberal pleading standard applied by federal courts

3

comports with Rule 8(e), which says "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e); *C.f. Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.").

## IV.   <u>ARGUMENT</u>

### A. Reasonable Consumers are Misled by Defendant's Advertising

#### 1. *The Reasonable Consumer Standard Applies to Plaintiff's Claims*

As Defendant recognizes, Plaintiff's CLRA, UCL, and FAL claims are governed by the reasonable consumer standard. *Williams*, 552 F.3d at 938. Under that standard, plaintiff must only show that consumers are likely to be deceived by the challenged representation. *Id*. Dismissal is appropriate only in "rare situations," and only if, "[v]iewing the facts in the light most favorable to plaintiff," it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010). For these reasons, "California courts [] have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938.

#### 2. *Plaintiff Alleges Plausible Deception Under The Reasonable Consumer Standard*

Plaintiff properly alleges that reasonable consumers are likely to be deceived. The Product's front label represents that the Product is a "MONK FRUIT ORGANIC SWEETENER." *See* FAC ¶ 14. No other sweeteners are identified on the Product's front label. *See id*. Reasonable consumers therefore expect that the Product is a monk fruit sweetener that solely contains monk fruit, or at the very least, predominately or substantially contains monk fruit. Unfortunately, this is not the case. Independent laboratory testing commissioned by Plaintiff's counsel found that the Product contains only 0.87% monk fruit extract, while 99.13% of the Product consists of the sweetener erythritol. FAC ¶ 4. In this context, it is easy to see how

4

reasonable consumers would be misled. Courts have repeatedly rejected similar arguments in cases involving nearly identical representations. *See, e.g.*, *Viggiano v. Johnson & Johnson*, 2015 WL 12860480, at \*3-4 (C.D. Cal. June 12, 2015) ("Made From Monk Fruit" representation could be misleading to reasonable consumers where product primarily contained erythritol); *see also Scott v. Saraya USA, Inc.*, 675 F.Supp.3d 1040, 1047 (N.D. Cal. June 23, 2023) ("sweetened with monk fruit" and "sugar free" representations "could plausibly mislead reasonable consumers into believing that the products were entirely or predominately sweetened with monk fruit."); *Grimbaldeston v. Saraya USA, Inc.*, 2025 WL 3677857, at \*3 (N.D. Cal. Dec. 17, 2025) (product labeled as "MONKFRUIT SWEETENER" with erythritol "could be reasonably expected to contain a substantial amount of monk fruit, as opposed to less than two percent.").

Defendant argues, "[t]he Product label accurately lists both monk fruit and erythritol as ingredients." *See* Mot. at 8:26. However, the Product's front label only states that the Product is a "MONK FRUIT ORGANIC SWEETENER." FAC ¶ 14. The Product's front label does not mention erythritol or state that the Product contains any other sweeteners. *See id*. As discussed further in Section IV(A)(3), *infra*, the Product's rear label ingredient panel listing erythritol does not shield Defendant from liability for the misleading representations on the Product's front label. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.

Defendant next contends that the Product label "does not make any affirmative representations about the product ingredient proportions or which ingredient serves as the 'primary' sweetener." Mot. at 8:27-28. But that argument ignores what the label does say. The Product's front label identifies only monk fruit as the sweetener. *See* FAC ¶ 14. It references no other sweetener ingredient. *Id.*

5

Reasonable consumers would therefore expect the Product to be a "monk fruit sweetener," as advertised, and to contain monk fruit as its sole, primary, or at least predominant sweetener.  Courts have rejected this same argument in materially similar cases. *See, e.g., Viggiano*, 2015 WL 12860480, at *3-4 (rejecting the contention that no reasonable consumer would expect monk fruit to be the primary sweetener absent an "express claim" to that effect); *Scott*, 675 F.Supp.3d at 1046-47 (rejecting argument that "nowhere on the label (front nor back) does it say that the product is sweetened solely or even predominately by monk fruit," nor does it "claim a specific amount of monk fruit is in the product" and finding "[w]ith no other sweetener mentioned on the front label, it is plausible that a reasonable consumer would believe that monk fruit was the products' sole or predominant sweetener."); *Grimbaldeston*, 2025 WL 3677857, at *3 (rejecting argument that "nothing on the label indicates the ingredient proportions" and finding "it is plausible that a reasonable consumer would believe that a product prominently labeled 'Monk Fruit Sweetener' . . . would contain more than 1.15% monk fruit."); *see also Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (California's FAL, CLRA, and UCL "prohibit 'not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'").

Defendant's cited cases do not compel a different result. In *Martinez v. Mead Johnson*, for example, the plaintiff alleged that the term "milk-based" was misleading because milk was not the product's primary ingredient by weight. 2022 WL 15053334, at *5 (C.D. Cal. Oct. 22, 2022). In granting the motion to dismiss, the court relied on FDA guidance recognizing that "milk-based" is a proper way to "identify characterizing ingredients." *Id.*, *6.  That reasoning does not apply here. Defendant did not advertise the Product as "monk-fruit-based." Instead, it labeled the Product simply as a "MONK FRUIT ORGANIC SWEETENER." FAC ¶ 14. As discussed above, the name "MONK FRUIT ORGANIC SWEETENER," with no

6

other context clues, is likely to mislead consumers into believing that monk fruit is the sole, primary, or at least a substantial ingredient.  Courts have expressly distinguished *Martinez* on this basis. *See, e.g., Grimbaldeston*, 2025 WL 3677857, at \*3 (distinguishing *Martinez* and holding that monk fruit sweeteners "could be reasonably expected to contain a substantial amount of monk fruit, as opposed to less than two percent," and that such an expectation "is not an inherently unreasonable presumption."); *Schleyer v. Starbucks Corp.*, No. 22-CV-10932 (JPO), 2023 WL 5935695, at \*5 (S.D.N.Y. Sept. 12, 2023) (distinguishing *Martinez* and finding that the term "sprouted grain," as opposed to "sprouted-grain *based*," and "with no other context clues, may mislead consumers to believe that its primary ingredient was sprouted grain").

Defendant's reliance on *Henderson* and *Daniels* is misplaced. *See* Mot. at 9:7-16, citing *Henderson v. Gruma Corp.*, 2011 WL 1362188, at \*12 (C.D. Cal. Apr. 11, 2011) and *Daniels v. Eagle Fam. Foods Grp., LLC*, 797 F. Supp. 3d 1154, 1166 (E.D. Cal. 2025). *Henderson* addressed the phrase "With Garden Vegetables" on a guacamole product, and *Daniels* concerned the phrase "Made with Real Cheese" on a Hamburger Helper product. *See id*. Those cases involved "with" or "made with" representations that signal the presence of an ingredient without implying it is predominant. Here, by contrast, the Product is not marketed as something "made with" or "with" monk fruit; it is labeled outright as a "MONK FRUIT ORGANIC SWEETENER." FAC ¶ 14. That affirmative product name conveys to reasonable consumers that monk fruit is the sole, primary, or at least a substantial ingredient. Indeed, Defendant's citation to *Henderson* underscores this distinction. There, the court recognized that the prominent use of "GUACAMOLE" in large capital letters could mislead reasonable consumers into believing the product was actually guacamole, when it allegedly contained less than 2% avocado powder. *Henderson*, 2011 WL 1362188, at \*12. The same reasoning applies here: the Product's prominent "MONK FRUIT ORGANIC SWEETENER" label could mislead

7

reasonable consumers into believing it is a monk fruit sweetener, when in fact it contains less than 1% monk fruit.

Defendant also contends that reasonable consumers would not expect the Product to contain a substantial amount of monk fruit because monk fruit is sweeter than sugar and, "in order for the Product to serve as a 1:1 sugar substitute, it follows that there must be a significantly smaller amount of monk fruit extract to make up for its potency." Mot. at 9:17–27 (citing *Moore v. Trader Joe's Co.*, 4 F.4th 874, 886 (9th Cir. 2021)). This argument fails. Reasonable consumers are not expected to possess specialized knowledge about the relative sweetness of monk fruit compared to sugar, or the specific ratios of monk fruit and erythritol necessary to achieve a 1:1 sugar replacement. Courts have rejected this precise contention. In *Grimbaldeston*, the court found it "plausible that an average consumer of sugar replacements would be unaware of the relative sweetness of monk fruit" and held that it could not conclude, as a matter of law, that a reasonable consumer would know it is "impossible" for such sweeteners to contain a substantial amount of monk fruit. *Grimbaldeston*, 2025 WL 3677857, at *3 (distinguishing *Moore*).

Nor does the ingredient list cure the deception. *See* Mot. at 10:1-2. The fact that erythritol is listed before monk fruit extract on the Product's rear label ingredient list does not put reasonable consumers on notice that the Product contains less than 1% monk fruit extract. *See* FAC ¶ 14. And, in any event, the ingredient list does not insulate Defendant from liability for misleading front-label representations. *See* Section IV(A)(3), *infra*.

### 3. *The Product's Rear Label Does Not Shield Defendant From Liability*

Defendant argues that reasonable consumers would not be misled because the ingredient list located on the Product's rear label dispels "any alleged ambiguity or confusion arising from 'monk fruit sweetener…'" Mot. at 10:13-14. However, the Product's rear label does not shield Defendant from liability for misrepresentations on the Product's front label. The Ninth Circuit has made clear that "reasonable

8

consumers" should not "be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging."). The Ninth Circuit recently confirmed, "*Williams* and *Brady* stand for the proposition that if a product's front label is plausibly misleading to reasonable customers, then the court does not consider the back label at the pleadings stage. Whether the back label ultimately defeats the plaintiff's claims is a question left to the fact-finder." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778 (9th Cir. July 17, 2024).

California district courts have rejected this very argument, holding that listing "erythritol" on a monk fruit product's rear ingredient list does not shield a defendant from liability for misleading front-label representations. *See, e.g., Viggiano*, 2015 WL 12860480, at *4 ("Made with Monk Fruit" representations misleading "notwithstanding the fact that the ingredients of Nectresse® are fully disclosed on its label."), citing *Williams*, 552 F.3d at 939; *see also Scott*, 675 F.Supp.3d at 1047-48 (rejecting argument that the ingredient list "makes it clear that the product is sweetened with both erythritol and monk fruit" and finding "the ingredient list on the back of the label is not enough to dispel the allegedly deceptive statements made on the front."); *Grimbaldeston*, 2025 WL 3677857, at *3 ("even taking the ingredient list into account, it is plausible that a reasonable consumer would believe that a product prominently labeled 'Monk Fruit Sweetener,' and extolling the benefits of the fruit, would contain more than 1.15% monk fruit.").

Defendant's cited case is distinguishable. In *Workman v. Plum Inc.*, 141

9

F.Supp.3d 1032, 1036 (N.D. Cal. 2015), the court dismissed labeling claims where the "products at issue do not display any affirmative misrepresentations. They merely show pictures of featured ingredients contained in the puree pouch and fruit bars." Here, however, the Product's front label representation that the Product is a "MONK FRUIT ORGANIC SWEETENER" is affirmatively misleading and does not include the sort of inherent ambiguity which might put a consumer on notice to investigate the meaning of the label further. Additional information that could be investigated (that the Product contains only 0.87% monk fruit extract, and is primarily sweetened by the sweetener erythritol) is contradictory to and not a mere clarification of an ambiguity in the front label. "Because the [representations] on the front of the package could deceive a reasonable consumer, that the actual ingredients were disclosed on the back in the Panel did not defeat the claim on a motion to dismiss." *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 964 (N.D. Cal. 2017) (distinguishing *Workman*); *see also Williams*, 552 F.3d at 939 (rejecting argument "that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.").

Here, the ingredient list does not confirm the Product's front label. It provides additional information which *contradicts* the front label representations. Defendant's expectation that consumers should scour the back of the Product to obtain this additional, contradictory information not only belies ordinary consumer behavior, but has also been expressly rejected by the Ninth Circuit. *Williams*, 552 F.3d at 939-40; *Whiteside*, 108 F.4th at 778; *see also Brady v. Bayer Corp.*, 26 Cal.App.5th 1156, 1172 (2018) (reasonable consumers are not expected to scrutinize rear labels; finding "[y]ou cannot take away in the back fine print what you gave on the front in large conspicuous print. The ingredient list must *confirm* the expectations raised on the front, not contradict them.") (italics in original).

At the very least, the Court should decline to make the factual determination

10

urged by Defendant as to how consumers understand or interact with the Product's label, particularly in light of the Ninth Circuit's guidance. *Williams*, 552 F.3d at 938 ("whether or not a reasonable consumer would be misled is usually "a question of fact not appropriate for determination [on a motion to dismiss]."); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014).

**4. *Reasonable Consumers are Not Expected to Have Specialized Knowledge Regarding the Relative Sweetness of Monk Fruit***

Defendant argues that because "the Product is a 1:1 sugar substitute and [] monk fruit is 100-250 times sweeter than sugar," then "[i]f the Product contained primarily monk fruit by weight, it would cease to function as a sugar substitute." Mot. at 12:10-11. Defendant improperly tries to impute to consumers specific, specialized knowledge concerning the composition of monk fruit sweeteners. *See* Mot. at 12:28 – 13:1. However, reasonable consumers are not expected to be armed with this sophisticated knowledge regarding the relative sweetness of monk fruit as compared to sugar, or the ratios of monk fruit and erythritol that are necessary to achieve a 1:1 sugar replacement. *See Grimbaldeston*, 2025 WL 3677857, at *3 ("it is plausible that an average consumer of sugar replacements would be unaware of the relative sweetness of monk fruit…"). Defendant's efforts to imbue reasonable consumers with such sophisticated and scientific knowledge is contrary to the consumer law of this jurisdiction. Further, Defendant's suppositions about how reasonable consumers interpret its Product label, or what consumers know about sugar substitutes that would ameliorate consumer deception, are entirely based on conjecture and should be disregarded at the pleadings stage. *See Williams*, 552 F.3d at 938 ("whether a business practice is deceptive will usually be a question of fact not appropriate for a decision on demurrer").

Defendant's reliance on *Puri* is misplaced. *See* Mot. at 12:15–25 (citing *Puri v. Costco Wholesale Corp.*, No. 5:21-CV-01202-EJD, 2021 WL 6000078, at *7

11

(N.D. Cal. Dec. 20, 2021)). There, the court found no deception because the phrase "Milk Chocolate Flavored Coating With Almonds," would not lead a reasonable consumer to believe the coating contained no vegetable oils or was composed predominantly of cacao-based ingredients. *Id*. The court further found that FDA regulations expressly permit chocolate products to include both vegetable oils and cacao-based ingredients. *Id*., at \*4. By contrast, here, Plaintiff does not rely on any strained or illogical inference to allege deception. Rather, Plaintiff's claims flow directly from the Product's express front-label representation that it is a "MONK FRUIT ORGANIC SWEETENER." FAC ¶ 14. That unqualified statement conveys to reasonable consumers that monk fruit is the sole, primary, or at least a substantial ingredient. Reasonable consumers are not expected to know that a Product, despite being labeled as a "MONK FRUIT ORGANIC SWEETENER," contains less than 1% of monk fruit. This is especially true, as Defendant's competitors sell monk fruit products that do solely contain monk fruit (*see* FAC ¶ 29) or label their monk fruit sweetener products as "with erythritol" or other sweeteners where monk fruit is not the sole or primary sweetener. *See* FAC ¶ 28. Under the facts pled, Defendant's advertising is likely to mislead reasonable consumers.

**B. Plaintiff Adequately States a Claim for Breach of Warranty**

Defendant argues that Plaintiff's breach of express warranty claim fails because there was no "unequivocal statement or promise" that "the literal amount of the monk fruit in the Product would be a certain percentage" and "the representations on the labels are true." Mot. at 13:26 – 14:2. However, Plaintiff does not allege that the label statements represent something about the precise amount of monk fruit in the Product. Instead, Plaintiff alleges that the Product's "MONK FRUIT ORGANIC SWEETENER" label representation misleadingly conveys that the Product is entirely, predominantly, or substantially sweetened with monk fruit. FAC ¶¶ 1-5, 101-102. This express label representation is false and misleading because the Product is principally comprised of erythritol and contains almost no

12

monk fruit. *Id*., at 104. This label representation formed part of the benefit of the bargain of Plaintiff's and putative class members' purchases. *Id*., ¶ 103. Accordingly, Plaintiff satisfies the requirements for a breach of express warranty claim.

Courts have found that similar allegations were sufficient to allege a claim for breach of warranty. For example, *Scott* is directly on point, and distinguishes the sole case cited by Defendant:

> The cases that Saraya relies on are distinguishable . . . The express warranty claims in *Nacarino* and *Cimoli v. Alacer Corp*., 546 F. Supp. 3d 897 (N.D. Cal. 2021), involved representations about precise amounts of protein and Vitamin C in the products at issue, and failed because they did not amount to express statements that those amounts were found in each serving, scoop, or gummy vitamin. *See Nacarino*, 2022 WL 17178688, at *7-8; *Cimoli*, 546 F. Supp. 3d at 904-07. But Scott's claims do not rest on alleged misrepresentations about the specific amount of monk fruit in each serving. Instead, she alleges that the statements misleadingly convey that the products are entirely or predominantly sweetened with monk fruit . . . Accepting Scott's allegations as true and drawing all reasonable inferences in her favor, as I must at this point, she has adequately alleged an "an affirmation of fact or promise or a description of the goods"—that they are entirely or predominantly sweetened with monk fruit—so that her breach of express warranty claim may proceed. *See Zeiger*, 304 F. Supp. 3d at 853.

*Scott*, 675 F. Supp. 3d at 1050; *see also Grimbaldeston*, 2025 WL 3677857, at *4 ("The prominent use of the term 'Monk Fruit' on the front label and the discussion of monk fruit's benefits on the back of the label, taken together, plausibly constitute an affirmation of fact or promise regarding the amount of monk fruit contained in the Sweetener.").

Furthermore, because Plaintiff states a claim for violation of California's consumer protection laws (*see* Section IV(A), *supra*), he also states a claim for breach of express warranty. *See Hadley v. Kellogg Sales Co*., 273 F. Supp. 3d 1052, 1095 (N.D. Cal. 2017) ("courts in this district regularly hold that stating a claim

13

under California consumer protection statutes is sufficient to state a claim for express warranty."); *Grimbaldeston*, 2025 WL 3677857, at *4 ("Grimbaldeston has plausibly alleged a breach of express warranty claim for the same reasons that the reasonable consumer standard is satisfied."); *Andrade-Heymsfield v. NextFoods, Inc.*, 2023 WL 2576770, at *4 (S.D. Cal. Mar. 20, 2023) ("because Plaintiff has alleged plausible claims under California's consumer protection statutes, she has also stated a plausible claim for breach of express warranty.") (collecting authority).

Notwithstanding the above, a final determination as to what statements create express warranties should often not be determined on a motion to dismiss. *See In re Ferrero Litigation*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011); *Sims v. Campbell Soup Co.*, No. EDCV18668PSGSPX, 2018 WL 7568640, at *9 (C.D. Cal. Sept. 24, 2018) ("Plaintiff has pointed to statements on the V8 Splash labels that she alleges created an express warranty. Whether or not they actually did depend on how they would be interpreted by consumers. The Court concludes that this is a factual question that cannot be determined on a motion to dismiss."); *Allred v. Kellogg Co.*, No. 17-cv-1354-AJB-BLMx, 2018 WL 1158885, at *5 (S.D. Cal. Feb. 23, 2018) ("Whether the label actually provided [such] a warranty ... [is] not [an] appropriate question[ ] to decide on a dismissal motion.").

## C. Plaintiff Adequately States a Claim for Breach of Implied Warranties

Defendant argues that Plaintiff's implied warranty claim fails for the same reasons Plaintiff's express warranty fails. Mot. at 14:9-12. For the reasons discussed in Section IV(B), *supra*, Plaintiff's breach of express warranty claim does not fail.

Defendant also argues that Plaintiff lacks privity. *See* Mot. at 14:13-25. However, California law recognizes exceptions to the privity requirement, including where plaintiffs are third-party beneficiaries, in cases involving foodstuffs, or where there has been reliance on a manufacturer's representations on labels or advertising.

First, the third-party beneficiary exception applies because Plaintiff is an intended third-party beneficiary of the agreement between Defendant and the retailer

14

from which he purchased the Product. The Product is manufactured and distributed with the expectation that consumers like Plaintiff will purchase and use it. Courts routinely apply this exception in analogous circumstances. *See, e.g., Ashton v. J.M. Smucker Co.*, 2020 WL 8575140, at *12 (C.D. Cal. Dec. 16, 2020) (collecting cases in support of third-party beneficiary exception); *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1167 (C.D. Cal. June 21, 2023) (applying the exception where plaintiffs alleged they "were the intended third-party beneficiaries of agreements between Defendant and retailers" and that "Defendant knew that consumers, including Plaintiffs and the class, were the ultimate consumers of the product."); *Cartwright v. Viking Industries, Inc.*, 249 F.R.D. 351, 356 (E.D. Cal. 2008) (plaintiffs, as third-party beneficiaries, were entitled to maintain a breach of implied warranty claim against the manufacturer where plaintiffs were the intended consumers).

Second, Plaintiff's claim independently falls within the foodstuffs exception.[1] *See Ashton*, 2020 WL 8575140, at *12 ("[B]ecause the Products are foodstuffs meant for human consumption, Plaintiffs are further exempt from the privity requirement.") (citing *Cabrera v. Bayer Healthcare, LLC,* No. LACV1708525JAKJPRX, 2019 WL 1146828, at *1 (C.D. Cal. Mar. 6, 2019) ("Privity is not required when the claim relates to food or other substances intended for consumption by consumers.")); *see*

---

[1] Defendant argues that the foodstuffs exception does not apply to Plaintiff's claim because it "only applies only to claims for breach of the implied warranty of fitness for human consumption." Mot. at 14:21-22, citing *Collyer v. Catalina Snacks Inc.*, 712 F. Supp. 3d 1276, 1288 (N.D. Cal. 2024). However, courts have declined to adopt such a "narrow view" of the foodstuffs exception requiring physical injury. *See, e.g., Rodriguez v. Natures Path Foods, Inc.*, No. 2:25-CV-01735-SPG-E, 2025 WL 3691807, at *10 (C.D. Cal. Sept. 23, 2025) (finding "courts 'routinely deny motions to dismiss implied warranty of merchantability claims' based on deceptive food labeling and advertising" and reasoning that "[i]n the peculiar context of foodstuffs, the theory of breach of an implied warranty of merchantability has closer affinities to tort law than to contract law because it allows recovery of damages, without regard to privity of contract, for personal injuries *as well as economic loss*.") (italics in original).

15

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*also Mexicali Rose v. Super. Ct.*, 1 Cal. 4th 617, 621 (1992) ("foodstuffs do not fall within the general rule of privity between the manufacturer and the consumer, even though the purchase is made through a retailer"); *Windham at Carmel Mtn. Ranch Assn. v. Super. Ct.*, 109 Cal.App.4th 1162, 1169 (2003) ("Exceptions to the privity requirement have been established in cases involving foodstuffs…"); *Bitton v. Gencor Nutrientes, Inc.*, 654 Fed.Appx. 358, 363 (9th Cir. 2016) ("Privity is not required for breach of warranty claims for consumable goods.").

Finally, privity is not required where there has been reliance on a manufacturer's representations on labels or advertising. *Musgrave v. Taylor Farms Pac., Inc.*, No. 18-CV-02841-JSW, 2019 WL 8230850, at *4 (N.D. Cal. 2019) ("'particularized exceptions' to the privity rule exist, including where a plaintiff relies on representations on a manufacturer's label or on its advertisements."); *Gottsdanker v. Cutter Laboratories*, 182 Cal.App.2d 602, 607 (1960). That exception applies here because Plaintiff alleges that Defendant, the manufacturer, made misrepresentations on the Product's labeling that Plaintiff and class members relied upon. *See Gonzalez v. Drew Indus. Inc.*, 750 F. Supp. 2d 1061, 1072–73 (C.D. Cal. 2007) (declining to dismiss implied warranty claim based on exception to the privity requirement that plaintiff relied on manufacturer's written misrepresentations in labels or advertising). Thus, Plaintiff has adequately alleged an implied warranty claim.

**D. Plaintiff's Negligent and Intentional Misrepresentation Claims are Adequately Alleged**

**1. *Plaintiff Alleges an Actionable Misrepresentation***

Defendant argues that "Plaintiff's negligent misrepresentation and intentional misrepresentation claims fail because there is no misrepresentation on the Product's labels." *See* Mot. at 15:12-13. However, Plaintiff alleges that the Product's front-label "MONK FRUIT ORGANIC SWEETENER" representation misleadingly conveys that the Product is a monk fruit sweetener, and thus contains monk fruit as

16

its sole ingredient or, at the very least is predominantly or substantially sweetened with monk fruit. Defendant's argument that "[t]he label on the Product is true" because "monk fruit extract is the primary sweetener" fails, as laboratory testing has revealed that the Product contains only 0.87% of monk fruit extract and 99.13% erythritol. FAC ¶ 4. Defendant's representations are therefore demonstrably false to state a claim for negligent and intentional misrepresentation.

### 2. *Plaintiff Plausibly Alleges Scienter for his Intentional Misrepresentation/Fraud Claim*

Defendant argues that "conclusory allegations of scienter are insufficient without supporting facts that allow the Court to draw the reasonable inference that WNB knew its labeling was misleading." Mot. at 16:1-3. However, under Rule 9(b), knowledge or intent may be averred generally, and the allegations must only meet the *Twombly* and *Iqbal* pleading standards. *See Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1067 (N.D. Cal. 2009) ("Rule 9(b)'s heightened pleading requirements do not apply to allegations regarding an accused's state of mind—thus, knowledge need only be alleged generally to state a valid claim for fraud.").

Here, Plaintiff alleges that while Defendant prominently advertises the Product as a "MONK FRUIT ORGANIC SWEETENER," the Product contains almost no monk fruit. FAC ¶ 4. As the entity responsible for the manufacturing, labeling, marketing, and sale of the Product, Defendant knew or should have known that the Product contains less than 1% monk fruit, despite the Product's "monk fruit" representations. *See* FAC ¶¶ 12, 127. Plaintiff alleges, "Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price…" FAC ¶ 129. Further, "Defendant knew that consumers would pay more for a product if they believed it was primarily a monk fruit sweetener. For that reason, Defendant misrepresented the Product so that Defendant could realize greater profits." FAC ¶ 130. At this stage, such allegations are sufficient to plead scienter. *See Cisco Systems, Inc. v.*

17

*STMicroelectronics, Inc.*, 77 F.Supp.3d 887, 898 (N.D. Cal. 2014) (denying motion to dismiss negligent and intentional misrepresentation claims where plaintiff pleaded "sufficient facts from which it can be inferred that defendant either knew or should have known that the information provided was false or incomplete."); *DiGiacinto v. RB Health (US) LLC*, 668 F.Supp.3d 950, 968 (N.D. Cal. 2023) (denying motion to dismiss fraud claim where plaintiff alleged packaging of product was false and misleading, defendant knew its packaging was false and misleading, and defendant intended to induce consumers to purchase the product at a premium price).

### E. Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed

Defendant argues "California law does not recognize an independent cause of action for unjust enrichment." Mot. at 16:14-15. However, Plaintiff does not pursue unjust enrichment as a separate cause of action. Instead, Plaintiff pleads a cause of action for "Quasi-Contract/Unjust Enrichment." *See* FAC ¶¶ 136-141. "Quasi-contract can serve as the basis for the equitable remedy of restitution where one party obtains a benefit which he may not justly retain." *See Aberdeen v. Toyota Motor Sales, U.S.A.*, No. CV 08-1690, 2008 WL 11336173, at *9 (C.D. Cal. 2007); *see also Scott*, 675 F.Supp.3d at 1051 ("under California law 'a court may construe a claim for unjust enrichment as a quasi-contract claim seeking restitution.'"); *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (same); *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (allowing unjust enrichment cause of action because "it states a claim for relief as an independent cause of action or as a quasi-contract claim for restitution").

Defendant further argues that Plaintiff "cannot assert an unjust enrichment claim that is merely duplicative of statutory or tort claims for deceptive advertising" and that Plaintiff "cannot invoke state law to assert an unjust enrichment claim while simultaneously alleging the existence of an express warranty." Mot. at 16:16-20. However, Plaintiff properly alleges his claims and damages theories in the alternative. *See Astiana*, 783 F.3d at 762–63 ("To the extent the district court

18

concluded that the [quasi-contract] cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal. Fed. R. Civ. P. 8(d)(2) ('A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.')"); *see also Grimbaldeston*, 2025 WL 3677857, at *4 ("Saraya challenges the quasi-contract claim as duplicative of the statutory claims. But a Plaintiff 'may pursue quasi-contract and [statutory claims] in the alternative at the pleading stage.'"), citing *M. H. v. Done Glob. Inc.*, No. 24-cv-03040-RFL, 2025 WL 629613, at *3 (N.D. Cal. Feb. 26, 2025); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 775 (9th Cir. 2020) (finding CAFA jurisdiction for putative class case alleging, among other claims, breach of express warranty and quasi-contract); *Sebastian v. Kimberly-Clark Corp.*, No. 17CV442-WQH-JMA, 2017 WL 6497675, at *10 (S.D. Cal. Dec. 18, 2017) (plaintiffs stated a claim for quasi-contract and breach of express warranty under California law).

## F. Plaintiff Has Standing to Seek Injunctive Relief

Defendant argues that Plaintiff lacks standing to pursue injunctive relief because "Plaintiff fails to allege that he intends to purchase the Product in the future." *See* Mot. at 17:8-9. Not so. The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 969 (9th Cir. May. 9, 2018) ("*Davidson*"). The *Davidson* court held, "[i]n some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d at 969–70. Here, Plaintiff alleges that he "would like to, and would consider, purchasing the Product again when he

19

can do so with the assurance that the Product's labels are truthful and consistent with the Product's ingredients." FAC ¶ 40. Yet, "Plaintiff will be unable to rely on the Product's advertising or labeling in the future, and so will not purchase the Product again although he would like to." *Id.*, ¶ 41. Such allegations are sufficient to confer standing to seek injunctive relief. *Davidson*, 889 F.3d at 970.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss should be denied. If the Court dismisses any portion of the Complaint, Plaintiff respectfully requests leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Dated: April 10, 2026                CROSNER LEGAL, P.C.

By:      */s/ Lilach H. Klein*
          Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com
*Attorneys for Plaintiff and the Proposed Class*

*Boyd v. Wisdom Natural Brands*, Case No. 2:25-cv-12080-CV(RAOx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 6,505 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 10, 2026

*/s/ Lilach H. Klein*
Lilach H. Klein
**Attorney for Plaintiff and the Proposed Class**

1